Tyson M. Takeuchi, SBN 177419
LAW OFFICE OF TYSON M. TAKEUCHI
1100 Wilshire Blvd., Suite 2606
Los Angeles, CA 90017
Tel 213.637.1566
Fax 888.977.6310
tyson@tysonfirm.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| In re: | ) Case No.: 1:14-bk-10267-VK |
|---|---|
| Beth Shwarz, | ) Chapter 7 |
| Debtor. | ) DEBTOR'S REPLY TO BRIDGELOCK CAPITAL'S OBJECTION TO DEBTOR'S PROPOSED CHAPTER 13 PLAN; DECLARATION OF DEBTOR BETH SHWARZ |
| | ) Confirmation Hearing: |
| | ) Date: April 8, 2014 |
| | ) Time: 9:30 a.m. |
| | ) Ctrm: 301, Third Floor |
| | )     U.S. Bankruptcy Court |
| | )     21041 Burbank Boulevard |
| | )     Woodland Hills, CA 91367 |

Debtor Beth Shwarz ("Debtor") hereby replies to the objection to confirmation of plan ("Objection") filed by Bridgelock Capital ("Bridgelock"). Bridgelock is the holder of a note secured against the Debtor's residence by a second deed of trust.

Debtor disputes Bridgelock's statement that civil litigation between the Debtor and Bridgelock was settled and released. Debtor also disputes the validity of the "Settlement and Mutual General Release Agreement with Peak" attached as Exhibit 12 to the Objection.

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

1
MOTION

Debtor further asserts that Bridgelock's Objection fails to disclose relevant facts concerning Bridgelock's claim in the instant case.

### Bridgelock's Omission of Relevant Facts

Debtor, with her husband Joseph Shwarz, entered into an agreement with Bridgelock, the terms of which are outlined in an Adjustable Rate Note ("Note"). A copy of the Note is attached to the Objection as Exhibit 1.

Per the terms of the Note, Bridgelock was to loan the Debtor and her husband $338,000.00. The Debtor and her husband deny every receiving $338,000.00 from Bridgelock.

Nevertheless, Bridgelock leveled finance charges against the Debtor and her husband that are appropriate for a $338,000.00 loan. Furthermore, the Debtors received monthly loan statements from Bridgelock reporting loan balances with interest accruing on a principal balance of $338,000.00. True, correct and complete copies of an Itemization of Amount Financed, issued by Bridgelock, and October 13, 2008 and February 12, 2009 mortgage statements, also issued by Bridgelock and sent to the Debtor, are attached hereto as Exhibit A.

Despite not having given the Debtor the agreed-upon loan amount of $338,000.00, Bridgelock recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") against the Debtor's home on or about January 20, 2009. A true, correct and complete copy of Notice of Default is attached hereto as Exhibit B.

Accompanying the Notice of Default is a Notice Required by the Fair Debt Collection Practice Act, indicating the Debtor, as of January 21, 2009, owed Bridgelock $362,548.64. Again, by this time the

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

2
MOTION

Main Document    Page 3 of 8

Debtor had not yet received even the minimum agreed-upon loan sum of $338,000.00 from Bridgelock. *See Exhibit B.*

Debtor contends that Bridgelock's attempt to foreclose on her home was based upon an invalid instrument, which she sought to remedy by filing the first civil case against Bridgelock in the Los Angeles Superior Court.

### Settlement and Release of the LASC Case Arose from Forged Papers

The Debtor and her husband, seeking to remedy the discrepancy between what was promised to them by the Note and the amount Bridgelock actually lended to them, filed a civil case against Bridgelock in the Los Angeles Superior Court. This case was assigned case number PC 049089.

Bridgelock, in its Objection, attached as Exhibit 12, relies upon a copy of the 'Settlement and Mutual General Release Agreement' ("Release") allegedly entered into by the Debtor, her husband, and Perak Financial Partners, Inc. as successor to Bridgelock on May 23, 2011.

The Debtor denies ever seeing this document on or before May 23, 2011.

Debtor contends that the signatures that appear on the Release, purported to belong to her and her husband, are forged. Attached hereto as Exhibit C is a true, correct and complete copy of the declaration of Victoria Petersen, an Expert Forensic Document Examiner, and her handwriting analysis of the signatures in question.

Ms. Petersen's conclusion is that none of the signatures appearing on the Release belong to the Debtor or her husband.

Tyson H. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

3
MOTION

Therefore, the dismissal with prejudice of the Debtor's civil proceeding against Bridgelock is called into question.

### The Debtor Did Not Sign the Modification of the Loan

Further complicating Bridgelock's assertion of its claim in this case is the loan modification agreement attached as Exhibit 4 to its Objection. Said modification was signed by the Debtor's husband on May 21, 2011. The Debtor's signature does not appear on this document. Nor was this document recorded against the Debtor's home.

Per the terms of this modification, the balance arising from the Note was to be reduced to $131,190.22 with monthly payments to be made by the Debtor in the amount of $1,000.00 commencing on June 1, 2011 and continuing until May 1, 2014.

However, just a year later, Bridgelock sent to the Debtor a collection letter concerning the allegedly modified loan, in which it states the "total delinquency for the 11/01/11 to 03/01/12 installments is $43,088.75." From this it may be concluded that Bridgelock was not interested in a good faith resolution of the Debtor's dispute. A true, correct and complete copy of this correspondence is attached hereto as Exhibit D.

Nevertheless, the Debtor's signature does not appear on the loan modification. See Exhibit 4 attached to Bridgelock's Objection. As such, Bridgelock's claim, at least as framed by the loan modification, does not apply in the instant case.

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

4
MOTION

### Bridgelock's Failure to Perform According to the Note, Failure to Resolve the Issues Surrounding the Note and Charging of Unreasonable Fees have Forced the Debtor into a Corner

The Debtor has expended considerable time and money to resolve her dispute with Bridgelock in civil court and in the instant bankruptcy proceeding. Such an expenditure could have been avoided had Bridgelock made a timely and good faith effort to resolve the discrepancies between the loan promised to the Debtor and the monies actually furnished to the Debtor by Bridgelock.

### Conclusion

In light of the issues surrounding Bridgelock's claim, further examination of its interest in the Debtor's property and its claim in the instant case is required before the Court should grant its request to deny confirmation of the Debtor's plan.

DATED: April 4, 2014

_____
TYSON M. TAKEUCHI
Attorney for Debtor

DATED: April 4, 2014

_____
BETH SHWARZ
Debtor

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

## DECLARATION OF BETH SHWARZ

I, Beth Shwarz, declare and state as follows:

1. I am the debtor in Chapter 13 case No. 2:13-bk-36918-BB, I have personal knowledge of the facts stated herein, and if called upon to testify, could and would testify competently thereto.

2. Attached as Exhibit A are true, correct and complete copies of the Itemization of Amount Financed, issued by Bridgelock Capital ("Bridgelock"), October 13, 2008 and February 12, 2009 mortgage statements.

3. Attached as Exhibit B is a true, correct and complete copy of the Notice of Default and Election to Sell recorded against my home by Bridgelock on January 20, 2009.

4. Attached as Exhibit C is a true, correct and complete copy of the declaration of Victoria Petersen, an Expert Forensic Document Examiner, and her handwriting analysis of the signatures that appear in the "Settlement and Mutual General Release Agreement with Peak" attached as Exhibit 12 to Bridgelock's Objection to Confirmation of my Chapter 13 plan.

5. Attached as Exhibit D is a true, correct and complete copy of the February 16, 2012 notice my husband and I received from Peak Loan Servicing agent concerning our loan with Bridgelock.

6. All of the statements contained within the instant Reply to Bridgelock's Objection to Confirmation of Plan are true and correct to the best of my knowledge and belief.

///

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

1  I declare under penalty of perjury under the laws of the State of
2  California and the United States of America that the forgoing is true
3  and correct to the best of my knowledge and belief.
4  Executed this 4th Day of April, 2014, at Los Angeles, California.

_____
Beth Shwarz, Debtor

THE LAW OFFICES OF
Tyson M. Takeuchi
& Associates
Los Angeles
California
(213) 637-1566

7
MOTION

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1100 Wilshire Boulevard, Suite 2606, Los Angeles, California 90017

A true and correct copy of the foregoing document entitled (*specify*): Debtor's Reply to Bridgelock Capital's Objection to Debtor's Proposed Chapter 13 Plan; Declaration of Debtor Beth Shwarz
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 04/07/2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Steven M Mayer     smayer@mayerlawla.com
Elizabeth (SV) F Rojas (TR)     cacb_ecf_sv@ch13wla.com
Tyson Takeuchi     tyson@tysonfirm.com, tysoncourtnotices@gmail.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) 04/07/2014, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Objecting Party: Bridgelock Capital, c/o Mayer Law Group, APC, 16133 Ventura Blvd, PH-A, Encino, CA 91436

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 04/07/2014, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JUDGE: US Bankruptcy Court, 21041 Burbank Boulevard, Suite 354, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/07/2014 | Albert Pfaffman | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**